IN THE UNITED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE FACUNDO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | § § § § | |
| **Plaintiffs,** | § § § | |
| VS. | § § | CIVIL ACTION NO.: 19-cv-2721 |
| ALMEDA-GENOA HOUSTON DEVELOPMENT, LLC, D/B/A, ALMEDA-GENOA CONSTRUCTORS JC, AND DRAGADOS, USA. | § § § § § | JURY DEMANDED |
| **Defendants.** | § § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, Plaintiff, Jose Facundo, individually and on behalf of all other similarly situated, files this lawsuit as a collective action and class action pursuant to FRCP 23 against Defendants, Almeda-Genoa Houston Development, LLC, d/b/a Almeda-Genoa Constructors JV and Dragados, USA, to recover unpaid overtime wages, lost wages, liquidated damages, and attorney's fees, and for cause of action would show the Court the following:

### I. NATURE OF CLAIMS

1.  This is a collective action filed under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and a class action pursuant to FRCP 23 to correct unlawful employment practices, including Defendants' failure to abide by wage and hour laws.  This collective and

class action seeks to recover unpaid wages and other damages owed by Defendants to its current

and former employees.

## II. JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C.

§216(b).

3.   Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §1391(b) because

the Defendants and Plaintiff transacted business within the jurisdictional district and a

substantial part of the events or omissions giving rise to this Complaint occurred in this district.

4.   At all times pertinent to this Complaint, Defendants were an enterprise engaged in

interstate commerce, operating on interstate highways, purchasing materials through commerce,

transporting materials through commerce on the interstate highways, conducting transactions

through commerce, including the use of credit cards, phones and/or cell phones, electronic mail

and the Internet.

5.   At all times pertinent to this Complaint, Defendants regularly owned and operated a

business engaged in commerce or in the production of goods for commerce as defined by §3(r)

and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).   Additionally, Plaintiff was individually

engaged in commerce and his work was essential to the Defendants' business.   Specifically,

Plaintiff was involved in the construction of highways used for interstate commerce.

## III. THE PARTIES

6.   Plaintiff is an individual residing in Harris County, Texas.  Plaintiff is a former employee

of Defendant.  Plaintiff brings his federal overtime claims on his own behalf and on behalf of all

others similarly situated to file with this Court their consent to sue.  Plaintiff's notice of consent

to join this collective action is attached hereto as Exhibit "A" and is incorporated herein.

7. Defendant Almeda-Genoa Houston Development, LLC, d/b/a Almeda-Genoa Constructors JV is a foreign for-profit entity conducting business in Houston, Harris County, and may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th St., Ste. 620, Austin, Texas 78701.

8. Defendant Dragados, USA is a foreign for-profit entity affiliated with Defendant Almeda-Genoa Houston Development, LLC, d/b/a Almeda-Genoa Constructors JV, and may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th St., Ste. 620, Austin, Texas 78701.

## IV. FACTS

9. At all times relevant to this lawsuit, Defendants were, and remain, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA. 29 U.S.C. §203, and is subject to the FLSA.

10. Defendants employed Plaintiff and other similarly situated employees at all relevant times within the meaning of the FLSA. 29 U.S.C. §203(g).

11. In performing their duties for Defendants, Plaintiff and other similarly situated employees were engaged in commerce or in the production of goods for commerce.

12. Plaintiff and other similarly situated employees were employed as *working* Foreman. Plaintiff's primarily duties included, but were not limited to, working side-by-side with other laborers while performing manual tasks – for example, laying concrete foundation, driving concrete trucks, and performing all tasks as instructed and necessary for the construction of the freeway project, known as 288 Tollway.

13. Plaintiff and other similarly situated employees did not have any formal training, did not interview employees, were not in charge of the hiring and firing of employees, did not set or adjust employees' rate of pay and were not engaged in office and/or non-manual work.

14. Plaintiff regularly worked many hours in excess of forty (40) hours per week for Defendants.  In performing his duties, Plaintiff routinely worked up to 11 hours per day, six days per week.

15. Plaintiff's schedule consisted of six (6) days a week (Monday through Saturday), from 6:00 a.m. to 5:30 p.m. (with a 30 minute lunch), for an average 66 hours per week.

16. Other similarly situated employees also customarily and regularly worked many hours in excess of forty (40) hours per week and were paid in a fashion similar to Plaintiff.

17. The work performed by Plaintiff and other similarly situated employees was within Defendants' knowledge and control.   Defendants set Plaintiff's and similarly situated employee's schedules, assigned work, and supervised their work.

18. Defendants would pay Plaintiff a "fixed salary" of $1,800.00 per week to compensate for forty (40) hours only.

19. Defendants prohibited Plaintiff and other similarly situated employees from reporting any hours in excess of forty (40) per week.  Additionally, Plaintiff was not allowed to report any hours worked during the weekend.  Plaintiff was not compensated for hours worked during the weekend.

20. Plaintiff believes to be owed at least $30,420.52 in overtime wages.

21. Plaintiff and other similarly situated employees were entitled to overtime at one-and-one half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek. Defendants did not pay Plaintiff and similarly situated employees and one half times their regular rates of pay for hours worked in excess of forty (40) per week.

22. Defendant manipulated payroll records to make it appear that Plaintiff and similarly situated employees were properly paid.  However, Plaintiff was actually paid a flat "salary" for only forty (40) hours per week.

23. Defendants failed to accurately record and report the hourly pay rates on their payroll records and failed to properly pay Plaintiff for hours over forty (40) hour a week. Plaintiff knows other *working* Foreman who were paid in the same way that he were paid – a flat salary rate for the forty (40) hour without proper overtime pay.

24. Defendants' manipulation of time and payroll records violates the FLSA's record-keeping requirements, 29 U.S.C. §211 and demonstrates Defendants' willful and intentional conduct designed to evade the requirements of the FLSA.

## V. FIRST CAUSE OF ACTION: OVERTIME VIOLATIONS

25. Plaintiff reasserts and incorporates by reference all of the above-numbered paragraphs.

26. Plaintiff and other similarly situated employees were engaged in non-exempt manual labor, as set forth above.

27. As a non-exempt employee, Plaintiff and other similarly situated employees were legally entitled to be paid at one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek.

28. Defendants failed to pay Plaintiff and other similarly situated employees at one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek in violation of the FLSA 29 U.S.C. §207.

29. As a result, Plaintiff and other similarly situated employees did not receive the compensation they were legally entitled to receive.

30. Defendants' violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiff's and other similarly situated employees' rights.

31. As a result of Defendants' willful violations of the FLSA, Plaintiff and other similarly situated employees are entitled to reimbursement of unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. §216(b).

## VI. SECOND CAUSE OF ACTION: FAILURE TO MAINTAIN ACCURATE RECORDS

32. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

33. The FLSA requires employers to keep accurate records of hours worked by non-exempt employees.  29 U.S.C. §211(c); 29 C.F.R. pt. 516.

34. In addition to the pay violations of the FLSA described above, Defendants also failed to keep proper time records as required by the FLSA.

## VII. COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff reasserts and incorporates by reference all of the above-numbered paragraphs.

36. Upon information and belief, many other similarly situated employees employed by Defendants have been victimized by Defendants' violations of the FLSA.

37. As set forth above, Plaintiff is aware of other employees who perform similar work for Defendants.

38. These employees should be notified of this action and given the chance to join pursuant to 29 U.S.C. §216(b).  The class is properly identified as:

> All persons who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked as a construction foreman at any business that was owned, operated, and/or acquired by Defendants, who were not paid overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) per week.

39. Defendants' practice of not paying employees similarly situated to Plaintiff at one-and-one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per each seven (7) day workweek is in direct violation of the FLSA.

40. As a result of Defendants' willful violations of the FLSA, the similarly situated employees are entitled to reimbursement of unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorneys' fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. §216(b).

## VIII. THIRD CAUSE OF ACTION: QUANTUM MERUIT

41. Plaintiff reasserts and incorporates by reference all of the above-numbered paragraphs.

42. Plaintiff also brings a quantum meruit claim under Texas common law against Defendant.

43. Plaintiff will show that he provided valuable services or materials to Defendants; that Defendants accepted said services or materials; and that Defendants had reasonable notice that Plaintiff expected compensation for the services of materials, unjustly enriching Defendants through Plaintiff's services.

## IX. FOURTH CAUSE OF ACTION: COMMON LAW AND STATUTORY FRAUD

44. Plaintiff reasserts and incorporates by reference all of the above-numbered paragraphs.

45. Plaintiff brings a common law and statutory fraud claim in accordance with FRCP 9(b) against Defendants.

46. At the time it made the foregoing representations, Defendants knew that hey were false. Specifically, Defendants represented to Plaintiff that they would compensate Plaintiff in compliance with the FLSA and pay Plaintiff for all hours worked excess for forty (40) per week at a rate of time and a half Plaintiff's regular rate.

47. Plaintiff justifiably relied upon the facts as represented by Defendants throughout his employment with Defendants.  Plaintiff was not in a position to know of the falsity of the misrepresentations and/or omissions.

48. The misrepresentations made by Defendants were material insofar as Plaintiff performed work with the expectation to be compensated for his overtime hours in accordance of the FLSA.

49. In making the misrepresentations, Defendants acted so as to deceive and defraud Plaintiff.  Accordingly, its conduct was such as to rise to the level of common law and statutory fraud.

50. Plaintiff was damaged as a direct and proximate result of Defendants' fraudulent conduct.

## X. FRCP 23 CLASS ACTION ALLEGATIONS

51. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff also brings his quantum meruit and statutory and common law fraud claims as a class action.

52. Plaintiff is a representative of a class of employees of Defendants who were not paid for all hours worked for Defendants as described in this Complaint.  On information and belief, there are numerous employees who have been defrauded and victims of Defendants' unjust enrichment by not being paid for all hours worked for Defendants as described in this Complaint.

53. The class of individuals who were not paid for all hours worked for Defendants is numerous that joinder of all members is impractical.

54. The questions of law and fact are common to the class.  The failure to pay its employees for the compensable time was common to all hourly employees of Defendants, thus resulting in Defendants being unjustly enriched and defrauding Plaintiff and other similarly situated employees.

55. Plaintiff's claims of unjust enrichment and fraud are representative and typical of the class, since all the claims arise from the same course of conduct, Defendants' failure to compensate Plaintiff and other similarly situated employees their overtime wages.  Plaintiff will fairly and adequately protect the interests of the class.

56. The prosecution of separate actions by individual members of the class would create a risk of adverse effect on the Defendants and/or the class members.  Furthermore, the common risk of adverse effect on the Defendants and/or the class members.  Furthermore, the common questions of fact and law predominate over any questions affecting individual members, and a class action is a superior method than any other for a fair and efficient adjudication of the controversy.

57. Plaintiff requests that he be permitted to serve as a representative of the affected class, and this action should be certified as a class action.

## XI. JURY DEMAND

58. Plaintiff demands a jury on all issues to be tried in this matter.  Plaintiff has submitted the jury demand and herein submits the jury fee.

## XII. PRAYER

59. For the reasons set forth above, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and for the following relief:

a) that the Court enter an order allowing this action to proceed as a collective action under the FLSA and class action under FRCP 23 and directing notice to any and all similarly situated employees;

b) judgment awarding Plaintiff and similarly situated employees all unpaid overtime wages, lost wages, liquidated damages, attorneys' fees and costs under the FLSA;

c) an award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

d) all such other and further relief to which Plaintiff and similarly situated employees may show themselves to be justly entitled.

Respectfully submitted,

**THE FOLEY LAW FIRM**

BY: /s/ Taft L. Foley
Federal I.D. No: 2365112
SBN:  24039890
3003 South Loop West, Suite 108
Houston, TX 77054
Phone:  (832) 778-8182
Fax:  (832) 778-8353
Taft.foley@thefoleylawfirm.com
*Attorney for Plaintiff*