United States District Court
Southern District of Texas
**ENTERED**
April 27, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE FACUNDO, individually and on behalf of all others similarly situated, § § § | |
| Plaintiffs, § § | |
| V. § | CIVIL ACTION NO. H-19-2721 |
| § | |
| ALMEDA-GENOA CONSTRUCTION, § § § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge in this case that has been referred by the District Judge for all pretrial proceedings is Plaintiff's Motion for Conditional Certification under the Fair Labor Standards Act (Document No. 19). In that motion, Plaintiff seeks an Order conditionally certifying this FLSA case as a collective action for "all current and former Working Foremen classified as exempt salaried employees by [Defendant] that were not paid time and a half for overtime hours worked at any time during the last three years." Having considered that motion, Defendant's response, and the applicable law, which provides a very lenient standard for certification, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiff's Motion for Conditional Certification (Document No. 19) be GRANTED.

This action arises out of alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiff Jose Facundo ("Facundo"), a former employee of Defendant Almeda-Genoa Construction, alleges in his First Amended Complaint, filed on behalf of himself and all others similarly situated, that he was a "working" foreman for Defendant, that his "primary duties included, but were not limited to, working side-by-side with other laborers performing manual

tasks," that he was not involved in hiring or firing employees and had no say over employees' compensation, that he regularly worked in excess of 40 hours per week, and that he was not allowed to record or report the hours in excess of 40 per week that he worked.  First Amended Complaint (Document No. 8) at 3-4).  Facundo seeks, with his Motion for Conditional Certification, conditional certification of a class of "all current and former Working Foremen classified as exempt salaried employees by Almeda-Genoa Constructors that were not paid time and a half for overtime hours worked at any time during the last three years."  In support of the Motion for Conditional Certification, Facundo has submitted his own Declaration, along with a Declaration from Antonio Farias Chagolla, who has signed a "Consent to Join Collective Action" (Document No. 17).   In his Declaration, Facundo states, in relevant part:

> 3.  I was employed by Defendants as a Working Foreman from November 2016 through June 2019.  My primary duties were to perform manual construction labor and supervise the construction labor of other employees.  I am personally aware that Almeda-Genoa Constructors employ other workers and that they perform the same duties and responsibilities as me.  I have spoken with others from Almeda-Genoa Constructors and I have worked with them.
>
> 4.  Our work for Almeda Genoa Constructors required us to work long hours, including over 40 hours in a week.  The Working Foremen worked twelve hours a day, six days a week for a total of seventy-two hours each week.  Although we worked more than 40 hours in a workweek, we did not receive any overtime pay.  Additionally, based upon my personal observations and/or communications with other Working Foremen, I am aware that the other Working Foremen performed the same primary duties as me and were also misclassified as exempt employees.
>
> 5.  Almeda Genoa Constructors classifies their Working Foremen, such as myself, as salaried employees.  As a result, we did not receive overtime pay when we worked more than 40 hours in a workweek.
>
> 6.  Further, Almeda Genoa Constructors prohibited me and the other Working Foremen from documenting more than eight hours per day.  The other Working Foremen and I was [were] required (under threat of termination) not

>   to document more than eight hours per day.
> 
> 7.  Although I was classified as a salaried employee, if I missed a day of work I would not be paid for the day I missed. If I went home early, I was not paid for the hours I missed that day. The other working foremen worked under the same rules and were not paid for a full day if they did not complete the day and they were not paid if they missed a day.
> 
> 8.  During my conversations with other Working Foremen, I became aware that they are also upset with not being paid overtime. I believe that other workers would be interested in joining this lawsuit. However, many of the workers whom I've talked to about these kinds of lawsuits have said that they are afraid of being fired or retaliated against. Court intervention explaining their rights under the law would help alleviate the fear of joining this lawsuit.

Declaration of Jose Facundo (Document No. 19-3 at 1-2). Antonio Farias Chagolla provided similar statements in his Declaration, with the only substantive difference being the information in paragraph 3 of his Declaration about his dates of employment: "I was employed by Defendants as a Working Foreman from November 2016 through June 2019." Declaration of Antonio Farias Chagolla (Document No. 19-2 at 1-2).

In response to Plaintiff's Motion for Conditional Certification, Defendant maintains that Facundo has not met even the low quantum of proof required for conditional certification in a case such as this. In particular, Defendant argues that Facundo has not shown that there are similarly situated "Working Foremen" who would likely join this collective action, and that Declaration of Antonio Farias Chagolla should be disregarded because he has previously attested to his managerial and supervisory duties for Defendant in a manner that directly contradicts his statements in this Declaration he filed in this case about what his primary duties were as a Working Foreman for Defendant. In addition, Defendant points to the existence of another FLSA case against it by foremen working on the 288 Tollway Project in Houston, Texas between May 2015 and May 2018,

*Galvino Barrera v. Almeda-Genoa Constructors*, Civil Action No. H-18-1653 (S.D. Tex), which Defendant argues undercuts Facundo's position that there are others who would likely join in this case if it was conditionally certified as a collective action.

Section 16(b) of the FLSA permits an employee to bring an action "for and [on] behalf of himself ... and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to such an action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought." *Id.* Thus, unlike a FED. R. CIV. P. 23 class action, a representative action under § 16(b) "follows an 'opt-in' rather than an 'opt-out' procedure." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir.1995). *See also LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286 (5th Cir.1975).

In *Hoffman-La Roche, Inc. v. Sperling*, the U.S. Supreme Court held that "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) ... by facilitating notice to potential plaintiffs." 493 U.S. 165, 169 (1989). Although the Fifth Circuit has not directly addressed the meaning of "similarly situated" in this context, it has reviewed two methods used to resolve this issue. The first approach, the *Shushan* method, treats the "similarly situated" inquiry as coextensive with Rule 23 class certification, and therefore, courts should look at numerosity, commonality, typicality and adequacy of representation factors to determine whether to certify a class. *See Mooney*, 54 F.3d at 1214, citing *Shushan v. Univ. of Colo.*, 132 F.R.D. 263 (D.Colo.1990). The second approach involves a two-stage class certification set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D.N.J.1987). *See Mooney*, 54 F.3d at 1213. The two-stage process consists of a "notice" stage followed later by a "decertification" stage. *Mooney*, 54 F.3d at 1213-14. During the "notice" stage, the Court determines whether notice of the action should be given to potential class members. *Id.*

4

Since the evidence available is limited, the standard applied is a lenient one, usually resulting in "conditional certification" of a representative class, to whom notice is sent and who receive an opportunity to "opt-in." *Id.* at 1214. Generally, after the close of discovery, the defendant initiates the second stage by filing a motion for "decertification." *Id.* At this stage, the Court makes a factual determination utilizing the information accrued from discovery on whether the plaintiffs are "similarly situated." *Id.* If the Court finds that the plaintiffs are "similarly situated," then the case proceeds as a representative action. *Id.* If the Court finds that the plaintiffs are not "similarly situated," then the class is decertified, the "opt-in" plaintiffs are dismissed without prejudice, and the original plaintiffs proceed to trial on their individual claims. *Id.*

Here, utilizing this two-stage process in this case, *see e.g. Cruz v. Conocophillips*, 208 F.Supp.3d 811, 816 (S.D. Tex. 2016) (Bennett, J.) (utilizing *Lusardi* approach); *Hernandez v. Robert Dering Construction*, LLC, 191 F.Supp.3d 675, 681 (S.D. Tex. 2016) (Hanks, J.) (utilizing *Lusardi* approach); *Dyck v. Precision Drilling Company, LP*, Civil Action H-19-1090 (S.D. Tex. Apr. 16, 2020) (Hanen, J.) (utilizing *Lusardi* approach), the undersigned concludes that Plaintiffs have satisfied the lenient standard recognized in *Lusardi* for conditionally certifying this case. That lenient showing requires proof that: "1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; [and] (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted." *Jones v. Cretic Energy Servs., LLC*, 149 F. Supp. 3d 761, 768 (S.D. Tex. 2015).[1] The Declarations submitted in support of the

---

[1] Noted by the Court in the April 17, 2020, Order in *Dyck v. Precision Drilling Company, LP*, Civil Action H-19-1090 (S.D. Tex) (Document No. 21 at 2 and footnote 1), while some courts require that a Plaintiff seeking conditional certification also offer proof that there are other aggrieved individuals who want to opt-in to the lawsuit, "the third element is non-statutory," and therefore it need only be shown that "(1) there is a reasonable basis for crediting the assertions

Motion for Conditional Certification meet that proof burden. Facundo and Farias Chagolla explain their status as "Working Foremen," and provide a reasonable basis for the statements in their Declarations that Defendant's other "Working Foremen" were treated similarly in terms of the hours they worked, the type of work they performed, and the manner in which they were compensated. While Defendant argues that the procedural history, allegations, and proof submitted in the *Barrera* case, particularly the Declaration of Antonio Farias Chagolla about his primary duties as a foreman,[2]

---

that aggrieved individuals exist [and] (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted."

[2] In *Barrera*, filed on May 21, 2018, the plaintiff alleged that he, and similarly situated foremen working on the 288 Tollway project, were not paid overtime when their primary duties would not have excepted/exempted them from overtime. The *Barrera* case settled following mediation, with the settlement including an agreement that provided "all current and former employees of Defendant in the position of Foreman, or similar title, who were not paid overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) per workweek from May 21, 2015 to the present on the Texas Department of Transportation SH288 Toll Lanes Project In Harris County, Texas with an opportunity to make a claim for alleged unpaid overtime damages during the relevant period." *See* Joint Motion for Conditional Approval of Settlement Agreement and Dismissal with Prejudice (Document No. 30 in Civil Action No. H-18-1653) at 2.

Defendant herein maintains that Antonio Farias Chagolla executed a Declaration in connection with the *Barrera* case in which he disclaimed, as follows, the allegations in *Barrera* about the managerial and supervisory duties of a foreman for Defendant:

> I am the highest level of management working with my crew of laborers on the 288 Project ("Crew"). While on the job, I have overall responsibility for the management and operations of the Crew. This represents approximately 100% of my working time. I oversee the work, assign work to members of the Crew, troubleshoot problems as they arise in the work, schedule work, and supervise the Crew.

(Document No. 24-1). That Declaration, which Defendant has submitted with its response to Plaintiffs' Motion for Conditional Certification as Exhibit A, appears to have been made during an interview process. The Declaration was not filed in the *Barrera* case, and does not appear to have been used as evidence in *Barrera* (other than, possibly, for settlement purposes).

Because Defendant has not argued that the claims at issue herein were decided in *Barrera*, the existence of *Barrera* does not preclude the conditional certification of this case under *Lusardi*. In addition, to the extent the contents of Farias Chagolla's Declaration in this case conflict with the contents of a Declaration he made before this case was filed, such a

6

render Plaintiffs' proof specious, it is not for the Court to weigh the evidence or make credibility determinations at this first stage of the *Lusardi* process. *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010). Instead, the Court must merely determine whether the Plaintiffs have met the minimal showing required by *Lusardi*. Upon this record, Plaintiffs have done so, and therefore, the Magistrate Judge

RECOMMENDS that Plaintiff's Motion for Conditional Certification under the Fair Labor Standards Act (Document No. 19) be GRANTED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*, 694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 27th day of April, 2020.

Frances H. Stacy
United States Magistrate Judge

---

conflict can be addressed in connection with the merits of his overtime claims.