IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE FACUNDO, individually and on behalf of all others similarly situated; Plaintiffs, v. ALMEDA-GENOA CONSTRUCTION, Defendant. | § § § § § § § § | CASE NO. 4:19-cv-02721 |

**JOINT MOTION FOR CONFIDENTIAL APPROVAL OF
SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff Jose Facundo ("Plaintiff"), on behalf of himself and on all others similarly situated, and Defendant Almeda-Genoa Constructors (incorrectly identified as Almeda-Genoa Construction) ("Defendant"), (collectively, the "Parties"), file this Joint Motion for Confidential Approval of Settlement Agreement and Dismissal with Prejudice ("Motion"), asking that the Court: (1) grant the Parties leave to file their Joint Stipulation of Confidential Settlement and Release ("Agreement") under seal; (2) approve the Parties' settlement as expressed in the Agreement; and (3) dismiss this action with prejudice, and in support respectfully state as follows:

### I.    FACTUAL BACKGROUND

On July 24, 2019, Plaintiff filed this action against Defendant for alleged failure to pay overtime compensation in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), fraud, quantum meruit, and other state and/or federal laws. Defendant denies Plaintiff's allegations.

On June 9, 2021, the Parties attended mediation with Gloria Portela, a mediator experienced in the resolution of FLSA collective actions.

Despite the Parties' ongoing dispute regarding the validity of Plaintiff's claims for overtime compensation, the Parties nevertheless entered into a Joint Stipulation of Confidential Settlement and Release ("Agreement") to bring this matter to an expeditious conclusion.

The Agreement resolves the claims of the named Plaintiff and all individuals who opted in to this action by filing a Consent to Join Collective Action. The Agreement also contains a confidentiality provision that is an essential and material term of the Agreement.

The Parties respectfully request that the Court accept the filing of the Agreement, attached hereto as **Exhibit 1**, under seal, and approve this Agreement.

## II.     THE NEED FOR COURT APPROVAL

"Ordinarily there [is] no need" for the Court to approve the settlement of a "dispute between employer and employees [because] people may resolve their own affairs, and an accord and satisfaction bars a later suit." *Walton v. United Consumer Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). However, this case involves claims for unpaid wages brought pursuant to the FLSA, and there is conflicting authority regarding whether such claims may be settled in the absence of Court approval. As the Seventh Circuit has stated, the FLSA is "designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Walton,* 786 F.2d at 306. The Seventh Circuit maintains that because the FLSA "makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay." *Id.* "Otherwise the parties' ability to settle disputes would allow them to establish sub-minimum wages." *Id.* "Courts therefore have refused to enforce wholly private settlements." *Id., citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir.1982).

Some courts have stated that FLSA claims may only be released or settled in two ways: (1) a DOL-supervised settlement under 29 U.S.C. § 216(c) or (2) a court-approved stipulation of

settlement. *Lynn's Food Stores,* 679 F.2d at 1353; *Jarrard v. Southeastern Shipbuilding Corp.,* 163 F.2d 960 (5th Cir. 1947) (enforcing a state court stipulated judgment entered upon disputed issues of both law and fact as *res judicata* to bar a federal FLSA suit).

Recently, however, the Fifth Circuit in *Martin v. Spring Break '83 Production*, 688 F.3d 247 (5th Cir. 2012) enforced a private compromise of an FLSA claim negotiated between an employer and employees even in the absence of court approval, where there existed "a bona fide dispute as to liability" as to the amount of hours worked and the compensation due. *Id.* at 255. Given the conflicting authority on this issue and in an abundance of caution, the Parties respectfully request Court approval of the Agreement. Although the Parties have decidedly different views of the merits of this case, the Parties agree the settlement is fair, reasonable and represents a reasonable compromise of the disputed issues in this case.

As stated above, the Parties also jointly request that the Court review the Agreement for approval confidentially under seal. In light of the foregoing, the Parties request that the Court approve this settlement confidentially.

### III.   THE SETTLEMENT AGREEMENT IS FAIR AND REASONABLE

In this instance, the Agreement is fair and reasonable because significant uncertainty exists in this case with respect to the facts and the legal standards that will be used, in particular regarding whether Plaintiff and others similarly situated were misclassified as exempt from overtime.

Due to the conflicting factual allegations and the degree to which this case will turn on the interpretation of the FLSA, the Parties have agreed that a settlement for the amount reflected in the Agreement is in the best interest of the Parties.

In exchange for the Settlement Amount, Plaintiff and all class members agree to release Defendant from the claims asserted in the Lawsuit as well as any and all claims they may have

against Defendant arising out of or relating to their employment on or before the date of the Agreement.

## IV. PRAYER

Wherefore, the Parties respectfully request that the Court accept the filing of the Agreement under seal, approve the Agreement as a fair and reasonable compromise, and dismiss this case with prejudice.

|  |  |
|---|---|
| Dated: August 27, 2021 | Agreed and respectfully submitted: |
| OF COUNSEL: | **JACKSON LEWIS P.C.** |
| Julie A. Farmer<br>Texas Bar No. 24059734<br>S.D. Tex. Bar No. 944425<br>JACKSON LEWIS P.C.<br>500 North Akard, Suite 2500<br>Dallas, Texas 75201<br>Telephone: (214) 520-2400<br>Facsimile: (214) 520-2008<br>Email: Julie.Farmer@jacksonlewis.com | */s/ Pamela B. Linberg*<br>Pamela B. Linberg<br>State Bar of Tex. No. 00793299<br>S.D. Tex. Bar No. 23981<br>1415 Louisiana, Suite 3325<br>Houston, Texas 77002-7332<br>Telephone: (713) 650-0404<br>Facsimile: (713) 650-0405<br>Email: Pamela.Linberg@jacksonlewis.com |
| **ATTORNEY FOR DEFENDANT** | **ATTORNEY-IN-CHARGE FOR DEFENDANT** |
|  | And |
|  | */s/ Taft L. Foley (by permission)*<br>Taft L. Foley<br>Texas Bar No. 24039890<br>Federal I.D. No. 2365112<br>The Foley Law Firm<br>3003 South Loop West, Suite 108<br>Houston, Texas 77054<br>Telephone: (832) 778-8182<br>Facsimile: (832) 778-8353<br>Email: taft.foley@thefoleylawfirm.com |
|  | **ATTORNEY FOR PLAINTIFFS** |

## CERTIFICATE OF SERVICE

      I certify that I filed the foregoing document in accordance with the protocols for e-filing through the CM/ECF system in the United States District Court for the Southern District of Texas, Houston Division, on August 27, 2021, and therefore has been served upon the following counsel for Plaintiffs in accordance with such e-filing protocols:

      Taft L. Foley
      Texas Bar No. 24039890
      Federal I.D. No.: 2365112
      THE FOLEY LAW FIRM
      3003 South Loop West, Suite 108
      Houston, Texas 77054
      Telephone:   (832) 778-8182
      Facsimile:   (832) 778-8353
      Email: taft.foley@thefoleylawfirm.com
      *Attorney for Plaintiff*

                                      */s/ Pamela B. Linberg*
                                      Pamela B. Linberg